## WRIGHT v. PIERCE.

*Title — sale or return of personal property — waiver.*

On the of 30th of November, 1871, defendants sold and delivered personal property to A for $209.21, upon an agreement that A should pay $100 cash, which was paid, and the balance in monthly payments of $25 each. On the 1st of December, 1871, A mortgaged the goods to plaintiff, who duly filed the mortgage. In October, 1872, after plaintiff had taken the property under the mortgage, defendants brought action against A for the balance due, and attached the property, and, having obtained judgment against A, sold the property under execution thereon. *Held,* that by the action and judgment defendants waived their claim of title to the property, and were liable to plaintiff for the conversion of the same.

APPEAL by plaintiff from a judgment in favor of defendants entered upon the report of a referee.

The action was brought by William W. Wright against Sylvester P. Pierce, and others, for the wrongful taking and conversion of personal property. Sufficient facts appear in the opinion.

*Noxon & Cowles,* for appellant.

*Eben Butler,* for respondents.

Present — MULLIN, P. J., E. DARWIN SMITH and MORGAN, JJ.

E. DARWIN SMITH, J. Assuming that the referee was correct in finding that the property for which this action was brought was

originally sold by the defendants to Abijah W. Wright, upon the agreement that he should pay, upon delivery, $100 toward the purchase-money, and the balance in $25 monthly payments thereafter, and that the title to said property should not pass to the said vendee, but should remain in the defendants until the whole purchase price was paid; the referee, I think, erred in holding that the title remained in the defandants at the time of the commencement of this action. The property having been delivered to the vendee, the defendants' rights in respect to it were like those of a vendor who sells property without any terms of credit, and delivers the same upon the expectation of immediate payment. The delivery in such case would be conditional, and the condition might be waived, and would be deemed waived after a considerable lapse of time without any steps taken to assert his right to repossess the goods. *Henniger* v. *Fox*, 25 Wend. 640. In this case the delivery was made on the 30th of November, 1871, when the vendee paid $100 toward the purchase. The vendee, being in possession of the goods, mortgaged the same to the plaintiff on the 4th of December afterward, who took said mortgage for value, and in good faith. The vendee failed to make any further payments, and the defendants, it appears, took no steps to assert their right to reclaim said property before the 2d day of October, 1872, when they commenced an action against the said vendee for the price of said goods. The complaint in the said action, in the ordinary form, set forth that the said defendants, during the years 1870 and 1871, had sold and delivered goods, wares and merchandise to the said Abijah J. Wright, and that certain balance therein now remained due and unpaid to them for such goods, and the said complaint was duly verified by one of the plaintiffs in said action. This complaint was followed by an attachment in the said action, issued on the 14th of October, on which the said goods were seized, and judgment on the 29th of the same month, on which execution was immediately issued, under which the said goods were levied on by the sheriff. The commencement of that action was a clear waiver of the right of the defendants to reclaim said goods, treating the delivery as conditional, and the title thereto as still remaining in them, and was an election or evidence of an election previously made to treat said sale as absolute. An election of one of two inconsistent remedies, whenever made, is final and conclusive upon the party. *Morris* v. *Rexford*, 18 N. Y. 552; *Rodermund* v.

*Clark*, 46 id. 356 ; *Bank of Beloit* v. *Beale*, 34 id. 473. The effect of such election in respect to the plaintiff was the same as if the right to make it and reclaim the said goods had never existed. It operated by relation to give validity and effect to the plaintiff's mortgage as of its date.

The judgment must therefore be reversed, and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*